Tara B. Keller, Esq., State Bar No. 265916
Email: tara@clalegal.com
Consumer Litigation Associates, P.C.
6 E. Eager St.
Baltimore, MD 21202
Tel: (443) 955-6652
Fax: (757) 930-3662

Joseph E. Richards, Esq., State Bar No. 279922
Email: jr@jr.law
Law Office of Joseph Richards, P.C.
P.O. Box 2314
Orange, CA 92859
Tel: (888)883-6588
Fax: (833)562-2667
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Eastern Division – Riverside**

| | |
|---|---|
| JEFFREY COWAN AS AN INDIVIDUAL AND SPOUSE OF DENISE COWAN (DECEASED) & AS TRUSTEE ON BEHALF OF THE COWAN FAMILY TRUST,<br><br>Plaintiff,<br>vs.<br><br>CMRE FINANCIAL SERVICES, INC., GIHAN G. GEORGE M.D., INC., FALCK MOBILE HEALTH CORP., TEMECULA VALLEY EMERGENCY MEDICAL ASSOCIATES, INC., ST. FRANCIS MEDICAL GROUP, P.C., AMERICAN MEDICAL RESPONSE, & LOMA LINDA UNIVERSITY MEDICAL CENTER,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY**<br><br>1. FDCPA, 15 U.S.C. § 1692 *et seq.*<br>2. RFDCPA, Cal. Civ. Code. § 1788 *et seq.*<br>3. CAL. CIV. CODE § 3345 |

## COMPLAINT

COMES NOW Plaintiff, Jeffrey Cowan as an Individual and Spouse of Denise Cowan (Deceased) and as Trustee on Behalf of The Cowan Family Trust, by and through the attorneys of record, alleges the following against Defendants CMRE Financial Services, Inc., Gihan G. George M.D., Inc., Falck Mobile Health Corp., Temecula Valley Emergency Medical Associates, Inc., St. Francis Medical Group, P.C., American Medical Response, and Loma Linda University Medical Center, collectively ("Defendants").

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, as well as attorney fees and costs, related to violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq., which protects consumers from abusive debt collection practices; and Cal. Civ. Code § 3345, which allows an action to redress unfair or deceptive acts or practices of unfair methods of competition against persons with disabilities.

2. This case involves The Cowan Family Trust and Jeffery Cowan as an Individual and spouse of Denise Cowan, who was injured at work on December 28, 2023, and subsequently succumbed to her injuries on January 19, 2024. Since her date of injury, medical providers and medical bill collectors, the Defendants, have contacted Jeffery Cowan and mailed bill notices addressed to him and Denise Cowan at the family home, regarding her work-related medical bills and attempting to collect payments that Defendants are not entitled to under federal and state law.

3. The workers' compensation system in California is designed to relieve the injured worker from the financial responsibility of medical treatment for work-related injuries. California

Labor Code Section 3751(b) prohibits a physician or health care provider from collecting payment directly from the injured worker for any services covered under the workers' compensation system.

4. When a worker is injured on the job, their employer's workers' compensation insurance is responsible for covering the cost of all reasonable and necessary medical treatment. This ensures that the financial burden is not shifted onto the injured worker. It is illegal for a physician or medical facility to bill a worker if they know the injury is or may be work-related. California Labor Code § 3751(b). Medical providers treating workers for work-related injuries under California's workers' compensation system are generally prohibited from requesting payment directly from the worker. *Barri v. Workers' Comp. Appeals Bd.*, 28 Cal.App.5th 428 (2018). If a medical provider inappropriately requests payment from a worker, they are in violation of the Labor Code.

5. Plaintiff asserts claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. for their unlawful attempts to collect debts from Plaintiff.

6. Plaintiff also assert claims pursuant to Cal. Civ. Code § 3345, which allows an action to redress unfair or deceptive acts or practices of unfair methods of competition against persons with disabilities to recover up to three times greater than authorized by the statute, or where the status does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. 1692 for federal law claims and supplemental jurisdiction over state law claims arises under 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this District.

9. This Court has jurisdiction over The Cowan Family Trust pursuant to Fed. R. Civ P. 17(a).

10. Defendants transact business in this District, establishing personal jurisdiction.

## PARTIES

11. Plaintiff Jeffrey Cowan is a resident of Corona, California, and qualifies as a "consumer" under Cal. Civ. Code § 1788.2(h).

12. Jeffrey Cowan is a Trustee of The Cowan Family Trust.

13. Jeffrey Cowan was the lawful husband of Denise Cowan.

14. Denise Cowan was a resident of Corona, California, and qualified as a "consumer" under Cal. Civ. Code § 1788.2(h).

15. CMRE Financial Services, Inc., is a stock corporation and operates as a collection agency with its principal address in Brea, California.

16. Gihan G. George M.D., Inc. is a stock corporation which provides medical services with its principal business address located in Corona, California.

17. Falck Mobile health Corp. is a stock corporation which provides medical transportation services with its principal business address located in Orange, California.

18. Temecula Valley Emergency Medical Associates, Inc., is a stock corporation which provides medical transportation services with its principal business address located in Orange, California.

19. St. Francis Medical Center is a non-profit corporation which provides medical transportations services with its registered agent located in Sacramento, California.

20. American Medical Response Ambulance Service, Inc., is a stock corporation which provides medical transportations services with its registered agent located in Sacramento, California.

21. Loma Linda University Medical Center is a nonprofit corporation which provides medical services with its principal business address located in Loma Linda, California.

22. Each Defendant is a "debt collector" as defined in Cal. Civ. Code § 1788.2(c). Defendants "in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection."

23. Defendant CMRE Financial Services, Inc. is a "debt collector" as defined by 15 U.S.CC. § 1692a(6): "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

24. Defendants "in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection."

25. Defendants acted through their agents, employees, and representatives and engaged in using instrumentalities of interstate commerce to unlawfully collect medical debts.

**STATEMENT OF FACTS**

26. Plaintiff asserts claims for violations of the FDCPA, RFDCPA, and Cal. Civ. Code § 3345, seeking declaratory and injunctive relief, actual and statutory damages, and punitive damages.

27. Denise Cowan sustained workplace injuries while employed by the United Parcel Service, Inc., resulting in liability for medical expenses being established against her employer.

28. The liability for Denise Cowan's workers' compensation claim was established against the employer.

29. Defendants Gihan G. George M.D., Inc., Falck Mobile Health Corp., Temecula Valley Emergency Medical Associates, Inc., St. Francis Medical Group, P.C., American Medical Response, and Loma Linda University Medical Center provided medical treatment and services related to Denise Cowan's workplace injury.

30. Defendant CMRE Financial Services, Inc. is attempting to collect (and have attempted to collect) from Plaintiff for medical treatment and services related to Denise Cowan's workplace injury.

31. Despite the employer's liability, Defendants have attempted to collect alleged medical debts from Plaintiff on multiple dates through various means of interstate commerce to include the United States Postal Service and via telephone lines.

32. Defendants' actions caused Plaintiff to suffer a loss of time, costs, and resources in reviewing and determining liability for medical debt collection attempts, which caused significant emotional distress and financial concern related to the harassing nature of the unlawful debt collection attempts.

## CAUSES OF ACTION

**<u>COUNT I</u>**
**Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.***

33. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

34. The Rosenthal Fair Debt Collection Practices Act ("RFDCPA") prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

35. Under § 1788.17 of the Rosenthal Act, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

36. All Defendants violated § 1788.17 of the Rosenthal Act when they willfully and knowingly engaged in the conduct of attempting to collect a debt from Plaintiff which they knew Plaintiff did not owe, the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the fraudulent charges, in violation of 15 U.S.C. § 1692d.

37. All Defendants violated § 1788.17 of the Rosenthal Act when they willfully and knowingly used false, deceptive, or misleading representations or means in connection with the collection of the medical debt, by wrongfully asserting that Plaintiff owed the medical charges, in violation of 15 U.S.C. § 1692e.

38. All Defendants violated § 1788.17 of the Rosenthal Act when they willfully and knowingly, among other qualifying actions and omissions, misrepresented the character, amount and legal status of the debt by representing that Plaintiff owed a debt which they did not, in violation of 15 U.S.C. §1692e(2)(a).

39. All Defendants violated § 1788.17 of the Rosenthal Act when they willfully and knowingly used unfair or unconscionable means to collect or attempt to collect the medical debt which they had actual knowledge that Plaintiff did not owe, in violation of 15 U.S.C. § 1692f.

40. All Defendants violated § 1788.17 of the Rosenthal Act when they willfully and knowingly attempted to collect a debt which is not permitted by law, in violation of 15 U.S.C. § 1692f(1).

41. All Defendants have demonstrated a pattern or practice of failing to comply with their obligations under the RFDCPA.

42. All Defendants' acts, as described above, were done intentionally and with the purpose of coercing Plaintiff to pay the alleged debt.

43. As a result of the violations of all Defendants pursuant to § 1788.17 of the Rosenthal Act, Plaintiff Jeffery Cowan suffered actual damages, as alleged above, including by example only and without limitation: time spent addressing and loss of time attempting to understand and stop the debt collection; stress from financial worry and concern regarding ongoing attempted debt collection efforts; debt collection efforts causing mental anguish, aggravation, and other related impairments to the enjoyment of life as a result of the stress associated with this unresolved matter and the ongoing reminder of the loss of his spouse due to a work-related injury.

44. Defendants' violations of the RFDCPA caused Plaintiff emotional distress, mental anguish, and financial worry and concern of somehow being responsible for the work-related medical treatment upon receiving constant reminders and outstanding balance invoices from multiple medical providers.

45. Plaintiff seeks actual damages, statutory damages, and reasonable attorney's fees and costs under Cal. Civ. Code § 1788.30.

46. Plaintiff is entitled to recover actual damages pursuant to Cal. Civ. Code § 1788.30(a), punitive damages pursuant to Cal. Civ. Code § 1788.30(b), and costs and attorney's fees from all Defendants in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1788.30(c).

**COUNT II**
**Violation of the Fair Debt**
**Collection Practices Act, 15 U.S.C. § 1692 *et seq.***

47. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

48. The Fair Debt Collection Practices Act ("FDCPA") prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

49. Debt Collector Defendants violated the FDCPA by:

a. Engaging in conduct that harassed, oppressed, or abused Plaintiff, in violation of 15 U.S.C. § 1692d.

b. Using false, deceptive, or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

c. Misrepresenting the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

d. Communicating or threatening to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

e. Using false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10).

f. Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

g. Attempting to collect an amount not authorized by law, in violation of 15 U.S.C. § 1692f(1).

50. Debt Collector Defendants' conduct was willful and intentional, intended to coerce Plaintiff into paying a debt they do not owe.

51. As a result of Debt Collector Defendants' violations, Plaintiff suffered actual damages, including emotional distress and financial harm.

52. Plaintiff seeks actual damages, statutory damages, and reasonable attorney's fees and costs under 15 U.S.C. § 1692k.

## COUNT III
## Violation of California Civil Code § 3345

53. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

54. California Civil Code § 3345 provides for enhanced damages in cases involving unfair competition or deceptive practices against disabled persons.

55. Denise Cowan qualifies as a disabled person under California Civil Code § 1761(g) due to limitations caused by her workplace injury.

56. Defendants engaged in unfair or deceptive practices directed at Plaintiff, including a disabled person, by engaging in unfair debt collection practices.

57. Plaintiff seeks enhanced damages, equal to three times the amount of actual damages, statutory damages, and punitive damages authorized under applicable laws.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Declaratory judgment that Defendants violated the FDCPA, and RFDCPA.

B. Actual damages as provided under federal and state laws.

C. Statutory damages as provided under federal and state laws.

D. Punitive damages to deter future violations.

E. Enhanced damages under California Civil Code § 3345.

F. Costs and reasonable attorney's fees.

G. Pre- and post-judgment interest as permitted by law.

H. Any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Dated: January 18, 2025

Respectfully submitted,
**JEFFERY COWAN AS AN INDIVIDUAL & SPOUSE OF DENISE COWAN (DECEASED) AND AS TRUSTEE ON BEHALF OF THE COWAN FAMILY TRUST,**

By /s/ *Tara Keller*

Tara B. Keller, Esq.
State Bar No. 265916
Email: tara@clalegal.com
Consumer Litigation Associates, P.C.
6 E. Eager St.
Baltimore, MD 21202
Tel: (443) 955-6652
Fax: (757) 930-3662

Joseph E. Richards, Esq.
State Bar No. 279922
Email: jr@jr.law
Law Office of Joseph Richards, P.C.
P.O. Box 2314
Orange, CA 92859
Tel: (888)883-6588
Fax: (833)562-2667

*Attorneys for Plaintiff*